**MICHAEL LYNN GABRIEL**
**LAW OFFICE OF MICHAEL LYNN GABRIEL**
**1903A COOLEY AVE**
**EAST PALO ALTO, CA 94303**
**TELEPHONE:  1-650-888-9189**
**FAX 1-650 ~~560~~-0211**
**EMAIL: aetal@earthlink.net**
**ATTORNEY FOR PLAINTIFFS**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

### San Jose

| | |
|---|---|
| **STEVEN L. LOMBARDO  and** | Case Number: |
| **LIFE FORCE TRUST** | |
| Plaintiffs, | **COMPLAINT FOR** |
| vs. | **1. BREACH OF CONTRACT; and** |
| **MERCANTILE RESOURCE GROUP, INC** | **2.  BREACH OF FIDUCIARY** |
| **and  CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** | **DUTIES** |
| | **(28 U.S.C. § 1332; Diversity of** |
| **Defendants** | **Citizenship)** |
| | **Jury Trial Requested** |

Plaintiffs **STEVEN L. LOMBARDO  and LIFE FORCE TRUST**  allege as follows:

## INTRODUCTION

1.     This is an action for both breach of contract and a shareholder derivative action based on the breach of fiduciary duties arising under the laws of the state of California. As set forth below, Defendant **MERCANTILE RESOURCE GROUP, INC** breached material terms of the 2013 written contract attached as Exhibit 1 to this Complaint.

TITLE OF DOCUMENT:  COMPLAINT         CASE N O.: _____

PAGE NO  1  OF __14__

2.      In February 1997, David Sanchez owned eighty two (82) 1873 mortgage bonds issued by Mississippi Central Railroad that were payable at the rate of seven percent (7%) interest in gold.

3,      David Sanchez entered into a written contract with the **Plaintiff Steven Lombardo** to create a 50/50 percent ownership to monetize and sell the bonds.

4.      In 2013,  after years without success in monetizing the bonds, David Sanchez and the **Plaintiff Steven Lombardo** who had invested $157,000 in the effort to do so, entered into the contract Exhibit 1 in San Jose, California modifying and replacing the earlier contract.

5.      The eighty two mortgage bonds of Mississippi Central Railroad were contributed to the corporation, **MERCANTILE RESOURCE GROUP, INC** on August 2, 2002. The corporate stock was owned fifty percent (50%) each by the **Plaintiff Steven Lombardo's  Life Force Trust** established in Nevis West Indies with the **Plaintiff Steven Lombardo** as Trustee and the other fifty percent (50%) of the stock was owned by David Sanchez's **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** for which David Sanchez was Trustee.

6.      The contract stated that if the corporation, **MERCANTILE RESOURCE GROUP, INC** was unsuccessful in monetizing the bonds on or before January 1, 2020 then all of the bonds were to be delivered to the **Plaintiff Steven Lombardo**.

7.      Under the contract, David Sanchez was appointed the Managing Director for the corporation,   **MERCANTILE RESOURCE GROUP, INC.**

8.      Under the contract, David Sanchez was expressly forbidden to alter,  transfer, sell, encumber or convey the bonds without the consent of the **Plaintiff Steven Lombardo.**

9.      As the bonds were bearer bonds, they were stored in the Iron Mountain Intellectual Property Management in the State of Georgia. The contract with Iron Mountain which identified the bonds that it is holding is attached as Exhibit 2.

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  2  OF   14

10.     When the bonds were not monetized by January 1, 2020, the Plaintiff Steven Lombardo tried to contact David Sanchez to arrange for the bonds to be transferred to him. The Plaintiff was unable to find David Sanchez. The Plaintiff then contacted Iron Mountain to arrange for the transfer of all of the bonds and found that in violation of the express terms of the contract that the account which holds the bonds had been illegally transferred into the name of **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** which is David Sanchez's estate trust and also the other 50% owner shareholder of **MERCANTILE RESOURCE GROUP, INC**

## FIDUCIARY DUTIES OF THE DEFENDANTS

11.     By reason of David Sanchez's position as managing director and his trust **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** being a 50% shareholder of the defendant **MERCANTILE RESOURCE GROUP, INC** during the Relevant Period and because of their ability to control the business and corporate affairs of the Company, both David Sanchez and his trust each owed the corporation **MERCANTILE RESOURCE GROUP, INC** and its other shareholder **Plaintiff Life Force Trust** the fiduciary obligations of good faith, loyalty and candor, and and were required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner.

12.     David Sanchez being the Managing Director and his trust **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** being a shareholder each were and are required to act in furtherance of the best interests of the defendant **MERCANTILE RESOURCE GROUP, INC** and its shareholders so as to benefit all shareholders equally and not in furtherance of their personal interest or benefit.

13.     Each director and shareholder of the corporation **MERCANTILE RESOURCE GROUP, INC** owes to both corporation and all of its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the Company's

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  3  OF  __14__

affairs and in the use and preservation of its property and assets, and the highest obligations of fair dealing.

14.    The transfer by David Sanchez of the corporate assets to wit: the account in which the 82 bonds were located, into the his trust and shareholder the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** and its acceptance thereof rather than transferring the bonds to the **Plaintiff Steven Lombardo** pursuant to the terms of the written contract  was done for their personal financial benefit and constituted both a breach of contract and breach of fiduciary by both defendants **MERCANTILE RESOURCE GROUP, INC and CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP.**

15.    The transfer of the bonds  was both illegal and invalid as it was both a breach of contract and embezzlement of a corporate assets. The bonds, were at all times, assets of the corporation until they either monetized or were turned over to the **Plaintiff Steven Lombardo** pursuant to the contract Exhibit 1.

16.    Under the express terms of the contract Exhibit 1 because the bonds were not monetized on or before January 1, 2020 they were to be transferred to the **Plaintiff Steven Lombardo** who after January 1, 2020 became the equitable owner of the bonds.

17.    The transfer by David Sanchez of the corporate assets to wit: the bonds into the his personal trust and shareholder the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP**  constituted conversion because the bonds after January 1. 2020 the bonds belonged to the Plaintiff Steven Lombardo as he became the equitable owner pursuant to the terms of the contract Exhibit 1. As such, the transfer was illegal being a violation of the fiduciary duties owed to the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

corporation by David Sanchez because as its director he could not take the corporate assets for his own personal use and financial gain.

18.    The Plaintiff Steven Lombardo is suing both defendants **MERCANTILE RESOURCE GROUP, INC and CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP**  for specific performance of the contract ie: the delivery of the bonds as required under the 2013 Agreement Exhibit 1 because they were not monetized by January 1, 2020.

19.    The Plaintiff **STEVEN L. LOMBARDO** in both his capacity as director and as **Trustee of LIFE FORCE TRUST** a shareholder of **MERCANTILE RESOURCE GROUP, INC** is suing the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP**  for breach of fiduciary duties to wit: conversion and embezzlement of corporate assets. The managing director David Sanchez did not have the authority to take the corporate assets ie the 82 bonds and transfer them to the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** for his own benefit instead of delivering them pursuant to the 2013 Agreement Exhibit 1.

20.    The receipt of the bonds and continued retention thereto by the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP**  constitute both conversion and embezzlement of corporate assets which are both breaches of the fiduciary duties which it owed to the Plaintiff Life Force Trust.

21.    Both Plaintiffs are suing both defendants for the same remedies - seeking the delivery of the bonds to the Plaintiff Steve Lombardo plus attorney fees and costs for having to bring this action.

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  5  OF   14

**JURISDICTION AND VENUE**

22.    Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the value of property at stake is more than $75,000. In this action the Plaintiffs sue for the return of eighty two (82) one thousand dollars ($1,000) mortgage bonds at seven percent (7%) interest and having a face value of over $82,000. Furthermore in the contract upon which the suit gives jurisdiction to this Court it is stated as follows:

> "The Party claiming damages from any breach will choose the Jurisdiction and Venue to file a Complaint, For Declaratory or Injunctive Relief, Writ of Possession or Attachment. The damaged Party may file a Complaint in any venue of Choose within the continental United States."

23.    Venue is proper in this court because

a.    The contract which is the basis of this suit was entered into in California,

b.    The contract was to be performed in San Jose California with the return of the mortgage bonds in San Jose, California and

c.    The contract states that any litigation over the terms of the contract can be brought in any state:

> "The Party claiming damages from any breach will choose the Jurisdiction and Venue to file a Complaint. For Declaratory or Injunctive Relief, Writ of Possession or Attachment. The damaged Party may file a Complaint in any venue of Choose within the continental United States."

**THE PARTIES**

24.    **A.    The Plaintiffs**

1.    The Plaintiff **Steven L. Lombardo** is an individual and is a citizen of the State of California

2.    The plaintiff **LIFE FORCE TRUST** is a foreign revocable estate planning trust created by and for the Plaintiff Steven L Lombardo and for which he is the Trustee formed in Nevis, West Indies with its principal place of business

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

being in the State of California. It is also a 50% shareholder of the defendant **MERCANTILE RESOURCE GROUP, INC** as stated in Exhibit 1.

25.    **B.    The Defendants**

1.    The defendant **MERCANTILE RESOURCE GROUP, INC** is a corporation formed in Nevis, New Indies with its principal place of business being in the State of Georgia.

2.    The Defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST is** an estate planning trust formed by David Sanchez the managing director of **MERCANTILE RESOURCE GROUP, INC** in Nevis West Indies and doing business as (dba) **CHOCTAW MANAGEMENT GROUP** with its principal place of business being in the State of Georgia. It is also a 50% shareholder of the defendant **MERCANTILE RESOURCE GROUP, INC** as stated in Exhibit 1.

### III.    FIRST CLAIM BREACH OF CONTRACT

26    Plaintiff Steven Lombardo incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

27    Plaintiff Steven Lombardo alleges that the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT GROUP** was acting at all times as an agent of the managing director David Sanchez and also shareholder of **MERCANTILE RESOURCE GROUP, INC**.

28.    On May 2, 2013,    David Sanchez and the Plaintiff Steven Lombardo who had invested $157,000 in the effort to do so, entered into the contract Exhibit 1 in San Jose, California modifying and replacing the earlier contract.

29.    The pertinent clauses of the contract with regards to the duties imposed on

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  7  OF   __14__

**MERCANTILE RESOURCE GROUP, INC** and its managing director David Sanchez and his assignee the shareholder and defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT GROUP** read as follows:

a.    Under the Article Forfeiture:

"The Parties understand that a sizable expense has been exhausted in the attempt to monetize these INSTRUMENTS. PARTY B has funded all costs related to this endeavor without reimbursement or repayment. The parties therefore agree that if the subject INSTRUMENTS are not monetized which is defined as a Sale, hypothecation or exchange for any assets of value, then the assets allocated to Party A shall be forfeited and reassigned to PARTY B. This forfeiture shall not incur and further obligation or liability on the part of PARTY A. The date of this forfeiture will occur on or before January 1, 2020.'

b.    Under the Article, DEFAULT, DEFAULT REMEDY

"Since damages may be difficult if not impossible to determine, the following default remedies will be included and agreed upon by both Parties. Any PARTY that shall default on the terms and provisions of this agreement or shall attempt to defraud, withhold, impair, alter, transfer or divert income attributed to the other PARTY, related to these INSTRUMENTS, shall forefeit its 50% share of the instruments. The defaulting PARTY will not be entitled to any subsequent income, or benefits thereafter. The Defaulting PARTY shall immediately relinquish ownership and possession of the INSTRUMENTS or any assets and income acquired in connection to the fraud and deliver such to the innocent PARTY without cost."

c.    Under the Article COMPANY STRUCTURE

"WHEREAS, MRG has two directors PARTY A are a managing Director and PARTY B Is a Director and Secretary.
Both PARTIES shall be required to sign and or authorize any sale, hypothecation or transfer of the INSTRUMENTS"

29. The Defendants each of them breached the contract as follows;

a.    The contract was breached when the account in which the 82 bonds held by

Iron Mountain was secretly transferred into the name of the defendant

**CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT GROUP** without the knowledge or consent of the Plaintiff

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

in direct violation of the Company Structure Contract Clause which has

prevented the Plaintiff from getting the bonds.

b.      The Defendants also breached the forfeiture clause of the Contract by not

transferring the bonds to the Plaintiff after January  1, 2020 when they had not

been monetized .  By keeping the bonds despite Plaintiff being now both the

equitable and legal owner is a continuing breach of the forfeiture clause.

30.     Plaintiff has fully complied with all of the terms and conditions of the contract

31.     The bonds being held by the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT GROUP** are the sole property of the Plaintiff Steven Lombardo and should have been delivered to Plaintiff  after January 1, 2020 but for the breach of contract perpetrated by both defendants acting together and in concert.

32.   Under the Article DEFAULT,  DEFAULT REMEDY ,  by virtue of the breach in the contract that occurred by  the secret transferring the  bonds  without Plaintiff's knowledge and consent followed by the subsequent  concealment  and finally the refusal to deliver then, Plaintiff is entitled to the agreed contractual remedy of the forfeiture of the defendants' fifty percent (50%) interest in the bonds as well as a return of his own 50% interest

33.     Independent  of  the  default  remedy  in  paragraph 32, Plaintiff is also entitled under the Article FORFEITURE, to the forfeit of all the defendants' interests in the bonds as well as the return of his interests in the bonds because they had not been monetized January1, 2020.

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.:  _____

PAGE NO  9  OF   __14__

# V.   SECOND  CLAIM

## SHAREHOLDER DERIVATIVE ACTION FOR

## BREACH OF FIDUCIARY DUTIES

34.     Plaintiff  Life Force Trust incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

35     Plaintiff  Life Force Trust alleges that the defendant  **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT GROUP**  was acting at all times as agent and assignee of the managing director David Sanchez and also shareholder of **MERCANTILE RESOURCE GROUP, INC**.

35.     The Defendant  **CHOCTAW INDIAN ASSET RECOVERY TRUST** (dba) **CHOCTAW MANAGEMENT  GROUP**  owed  and  owe  the  Plaintiff  Life  Force Trust fiduciary obligations,  including  the  obligations  of  good  faith,  fair  dealing,  loyalty and  care. The  Defendant breached its duties of loyalty, care and good faith by:

The transfer by David Sanchez of the corporate assets to wit: the account in which the 82 bonds were located, into the his trust and shareholder the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** and  its  acceptance  thereof  rather  than  transferring  the  bonds  to  the  **Plaintiff Steven Lombardo** pursuant to the terms of the written contract Exhibit 1 was done for their personal financial benefit and constituted both a breach of contract and breach of fiduciary by both defendants **MERCANTILE  RESOURCE  GROUP, INC  and  CHOCTAW  INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP.**

36.     The Defendant because of its positions of control and authority as agent of the managing director and also as 50% shareholder of **MERCANTILE RESOURCE GROUP,**

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  10  OF   _14_

**INC** was able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

37.     To discharge its duties, the Defendant was required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the directors of **MERCANTILE RESOURCE GROUP, INC** were required to, among other things:

      a.     Exercise good faith to ensure that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of their business;

      b.     Exercise good faith to ensure that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal, state and foreign laws, rules, regulations and requirements, and all contractual obligations, including acting only within the scope of its legal authority;

      c.     Refrain from unduly benefiting themselves and other Company insiders at the expense of the Company; and

      e.     When put on notice of problems with the Company's business practices and operations, exercise good faith in taking appropriate action to correct the misconduct and prevent its recurrence

38.     The Defendant, by virtue of its position as a shareholder owed to the Company and to its shareholders the fiduciary duty of loyalty, good faith and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets. The conduct of the Defendant complained of herein involves a knowing and culpable violation of their obligations as a shareholder of **MERCANTILE RESOURCE GROUP, INC**, the absence of good faith on

its part and a reckless disregard for their duties to the Company and its shareholders that the Defendant were aware or should have been aware posed a risk of serious injury to the Company.

39.    The Defendant breached their duties of loyalty, care and good faith by:

The transfer by David Sanchez of the corporate assets to wit: the bonds into the his personal trust and shareholder the defendant **CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP** constituted conversion because the bonds after January 1, 2020 belonged to the Plaintiff Steven Lombardo when he was to become the equitable owner pursuant to the terms of the contract. As such,the transfer was illegal being a violation of the fiduciary duties owed to the corporation by David Sanchez because as its director he could not take the corporate assets for his own personal use and financial gain.

40.    By its actions alleged herein, the Defendant, either directly or through aiding and abetting, abandoned and abdicated their responsibilities and fiduciary duties with regard to prudently managing the assets and business of the corporation.

41.    As a direct and proximate result of the Defendant's gross mismanagement and breaches of duty alleged herein,  the Plaintiff Life Force Trust  has sustained significant damages through the loss of its original 50% interest in the bonds transferred to the company which increased to 100% and subsequently embezzled and converted by the Defendant instead of being transferred back when the bonds were not monetized by January 1, 2020

42.    As a result of the misconduct and breaches of duty alleged herein, the Defendant is  liable to the Company for the return of the binds so that they can be transferred to the Plaintiff Steven Lombardo pursuant to the express terms of the contract, Exhibit I.

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO   12  OF   __14__

# VI. PRAYER FOR RELIEF

43.     ***WHEREFORE,*** Plaintiffs Lombardo and Life Force Trust  each demands judgment as follows:

A.      Directing the Defendants **MERCANTILE RESOURCE GROUP, INC and CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP**  to transfer immediately to the Plaintiffs the possession of the 82 bonds described in Exhibit 2. For any  bonds not  delivered to fully account in a declaration under penalty of perjury under the laws  of the United States within three (3) days of the service of the judgment as to why all of the  bonds have not been returned.

B,      For a Writ of Assistance or Replevin directing Iron Mountain to turn over the bonds and materials described in Exhibit 2 to the Plaintiffs

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees and expenses; and

E.      Granting such other and further relief as the Court may deem just and proper.

# VI. JURY DEMAND

44.     Plaintiff demands a trial by jury,

# VII. CERTIFICATION AND CLOSING

45.     Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

(1)     is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

TITLE OF DOCUMENT:  COMPLAINT          CASE N O.: _____

PAGE NO  13  OF   _14_

(3)   the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable

opportunity for further investigation or discovery; and

(4)   the complaint otherwise complies with the requirements of Rule 11.

**LAW OFFICE OF MICHAEL LYNN GABRIEL**

**by: /s/ Michael Lynn Gabriel  CA Bar No. 86924**
**MICHAEL LYNN GABRIEL**
**1903A COOLEY AVE**
**EAST PALO ALTO, CA 94303**
**TELEPHONE:   1-650-888-9189**
**FAX   1-650 ~~560~~-0211**
**EMAIL: aetal@earthlink.net**

TITLE OF DOCUMENT:  COMPLAINT        CASE N O.: _____

PAGE NO   14  OF   __14__