UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. LOMBARDO and LIFE FORCE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHANTILE RESOURCE GROUP, INC, and CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP<br><br>Defendants. | Case No. 20-cv-02153-NC<br><br>**ORDER TO SHOW CAUSE WHY THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CASE AND WHETHER SERVICE IS PROPER** |

Plaintiffs Steven Lombardo and Life Force Trust (LFT) filed a complaint against defendants Merchantile Resource Group, Inc (MRG) and Choctaw Management Group (CMG) with claims for breach of contract and breach of fiduciary duty. Dkt. No. 1. Plaintiffs state that this Court has subject matter jurisdiction on diversity grounds under 28 U.S.C. § 1332. *Id.* at 6.

The Complaint does not identify the citizenship of every defendant, nor does it make clear that the amount in controversy exceeds $75,000. Dkt. No. 1. The Court also has doubts as to whether service was proper and defendants are on notice of this action. Therefore, plaintiffs are hereby ORDERED TO SHOW CAUSE: (1) why the Court has subject matter jurisdiction given that Sanchez's citizenship is not clear and given that the amount in controversy seems too low, and (2) whether defendants were served and are on notice. A written response to the Court's concerns must be filed by July 2, 2020.

## I. BACKGROUND

Plaintiff Life Force Trust (LFT) is an estate planning trust whose trustee is Plaintiff Steven Lombardo. Dkt. No. 1 at 7. Defendant Choctaw Management Group (CMG) is an estate planning trust whose trustee is David Sanchez. *Id.* Lombardo and Sanchez formed Mercantile Resource Group (MRG), a West Indies corporation with its principal place of business in Georgia, to share ownership and responsibilities for 82 securities bonds. *Id.* at 6. Lombardo is a citizen of California. Dkt. No. 1 at 6. Sanchez's citizenship is unclear. Dkt. No. 1.

Plaintiffs consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c); defendants have not appeared in the case and have not consented or declined magistrate jurisdiction. Dkt. No. 8.

## II. DISCUSSION

### a. Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. Diversity jurisdiction applies to all civil actions where the amount in controversy exceeds $75,000 and the case is between citizens of different states. 28 U.S.C. § 1332(a)(1). The party asserting subject matter jurisdiction has the burden of proving its existence. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir.2009). At any time, the Court may dismiss a complaint for lack of subject matter jurisdiction *sua sponte* under Rule 12(b)(6). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

For purposes of determining diversity jurisdiction, a trust has the citizenship of its trustee or trustees. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, both plaintiffs are citizens of California because Lombardo is domiciled in California, and Life Force Trust carries its trustee Lombardo's citizenship. However, defendant CMG's citizenship is unclear. Defendant CMG is a trust, whose citizenship hinges on its trustee Sanchez's citizenship, but the Complaint lacks information on Sanchez's citizenship.

Additionally, diversity jurisdiction requires the amount in controversy to exceed

2

1   $75,000. 28 U.S.C. 1332(b). The amount in controversy is determined based on the
2   allegations of the complaint. *See St. Paul Mercuty Indem. Co. v. Red Cab Co.*, 303 U.S.
3   283, 289 (1938). Conclusory allegations regarding the amount in controversy are
4   insufficient. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir.
5   2003). The 2013 contract attached to the complaint values the bonds at "[a] historic value
6   of $200 to $300 each as collectibles." Dkt. No. 1-1 at 3. Nevertheless, plaintiffs value the
7   bonds at $1,000 each in the complaint. Dkt. No. 1 at 6. The Court is not convinced that
8   the value of the bonds has increased from $300 to $1,000, more than threefold, even
9   accounting for inflation. There is no apparent basis for the $1,000 valuation. The alleged
10  amount in controversy here seems conclusory and therefore insufficient.

**b. Service of Process**

A U.S. District Court applies the law of the state in which it is located when determining sufficiency of service. *See* Fed. R. Civ. P. 4(e). Here, the Court analyzes the sufficiency of the service under California law. *Id.* California Civil Procedure Code § 415.20(b) states that personal service must be attempted with "reasonable diligence before substitute service is appropriate." Cal. Civ. Proc. Code § 415.20(b).

The Court is not convinced that plaintiffs exercised reasonable diligence in attempts to serve defendants. The first and only occasion of service happened on April 1, 2020. Dkt. No. 9. The Proof of Service is confusing: the process server did not check the personal service box but crossed out "personally" and wrote "United Kingdom" as the place of service. Dkt. No. 9-1. The process server then checked the box which said he served the summons on Clifford Wilkins, who is designated to accept service of process on behalf of defendants. *Id.* The process server also checked the "Other (specify)" box and wrote "served via electronic mail." *Id.* Later, Clifford Wilkins signed a "Declaration of Receipt for Service of Process," which states, "I forwarded [the two summons and complaints] to the last known address which [the agent for service of process for defendants] has for [defendants]." Dkt. No. 9 at 2. In the declaration, however, no service address was listed and Clifford Wilkins did not specify where he forwarded the summons

and complaint.  Dkt. No. 9-1.  Throughout April 2020, Clifford Wilkins filed multiple declarations to support default judgment and to reaffirm his receipt of service of process for the defendants.  Dkt. Nos. 11, 16, 17.  On June 9, 2020, there appears to be an amended Proof of Service, which specified that the previous April 1, 2020 service on Clifford Wilkins was only done electronically, and that Clifford Wilkins lives in the United Kingdom.  Dkt. No. 21-2.  On June 18, 2020, plaintiffs filed two more affidavits to reaffirm Clifford Wilkins's receipt of service of process for the defendants.  Dkt. Nos. 23, 24.  The two affidavits add Clifford Wilkins's UK address, but still do not mention defendants' last known address.  In short, the entire service of process is comprised of emailing the summons and complaint to Clifford Wilkins at wilkins@hecapitol.com on April 1, 2020, and Clifford Wilkins saying that he forwarded the documents to defendants' last known address.  Dkt. Nos. 21-1, 21-2.

The Court finds it odd that plaintiffs never mention defendants' last known address while they belabor on how the summons and complaint have been forwarded to the defendants.  Accordingly, the Court finds that Lombardo and Life Force Trust have not met the standards of service required by Cal. Civ. Proc. Code § 415.20(b).  The Court extends the time for service for an additional 30 days.  Plaintiffs may submit a new proof of service by July 18, 2020.  If no new proof of service is submitted by that time, the Court will recommend dismissal of this case without prejudice under Fed. R. Civ. P. 4(m).

### III. CONCLUSION

The Court hereby ORDERS plaintiffs to show cause (1) why this Court has subject matter jurisdiction over this case, and (2) whether defendants were served and are on notice.  A written response to the Court's concerns must be filed by July 2, 2020.  If no satisfactory response is filed, the undersigned will recommend that this case be dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: June 19, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge