UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. LOMBARDO and LIFE FORCE TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHANTILE RESOURCE GROUP, INC, and CHOCTAW INDIAN ASSET RECOVERY TRUST dba CHOCTAW MANAGEMENT GROUP<br><br>Defendants. | Case No. 20-cv-02153-NC<br><br>**ORDER TO JOIN DAVID SANCHEZ TO THIS CASE OR TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED UNDER RULE 19** |

Plaintiffs Steven Lombardo and Life Force Trust (LFT) filed a complaint against defendants Merchantile Resource Group, Inc (MRG) and Choctaw Management Group (CMG) with claims for breach of contract and breach of fiduciary duty. Dkt. No. 1. The Court ordered the plaintiffs to show cause why it had subject matter jurisdiction over this action because the Complaint did not identify the citizenship of every defendant and did not sufficiently allege that the amount in controversy exceeded $75,000. Dkt. No. 25. The Court additionally ordered the plaintiffs to show cause why service of process was proper when it appeared that the defendants were not on notice of this action. *Id.* Plaintiffs filed a response to the Court's order. Dkt. Nos. 27, 28.

The Court now orders the plaintiffs to show cause by July 15 why it should not dismiss this case for failure to join a required party under Federal Rule of Civil Procedure 19, or to join necessary party David Sanchez.

Under Federal Rule of Civil Procedure 19(a)(1)(B)(i), a person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest. A court may consider sua sponte the absence of a required person and dismiss a case for failure to join that person. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008). Rule 19 imposes a three-step inquiry where the Court must ask: (1) whether the absent party is necessary; (2) whether it is feasible to order that the absent party be joined; and (3) if joinder is not feasible, whether the case proceed without the absent party, or if the absent party is indispensable such that the action must be dismissed. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

Here, David Sanchez is a necessary party as described in Rule 19(a)(1)(B)(i). According to the complaint, Sanchez is the managing director of defendant MRG and the trustee of defendant CMG. Compl. ¶¶ 5, 7. CMG is currently holding the eighty-two bonds that are the subject of this suit. *Id*. ¶ 10. Sanchez and plaintiff Steven Lombardo allegedly entered into a written contract to create a 50/50 ownership of those bonds, which Sanchez allegedly violated. *Id*. ¶ 2; *see also* Dkt. No. 1, Ex. 1 (agreement between Sanchez and Lombardo). Lombardo seeks delivery of the bonds. *Id*. ¶ 21. Sanchez clearly has an interest in the bonds; thus, disposing of this action in his absence may impede his interest in the bonds.

Next, the Court must determine whether it is feasible to order that David Sanchez be joined. This is not clear. The Complaint only states that Lombardo has tried to contact Sanchez but was unable to find him. Compl. ¶ 10. The Court does not know Sanchez's citizenship or how that may affect the Court's subject matter jurisdiction over the case.

Finally, the Court is concerned that Sanchez is indispensable such that this action must be dismissed if he is not joined as a party. Rendering a judgment in Sanchez's absence might prejudice him. *See* Fed. R. Civ. P. 19(b)(1).

The Court therefore orders the plaintiffs, by **July 15, 2020**, to:

(1) join David Sanchez as a party to this action, OR

(2) show cause why the Court should not dismiss this case under Rule 19 for failure to do so.

**IT IS SO ORDERED.**

Dated:  June 30, 2020 _____
                                        NATHANAEL M. COUSINS
                                        United States Magistrate Judge

3