United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEVEN L. LOMBARDO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MERCANTILE RESOURCE GROUP, INC, et al., <br><br> Defendants. | Case No. 20-cv-02153-BLF <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT** <br><br> [Re: ECF 65] |

Plaintiffs Steven L. Lombardo and Life Force Trust (collectively, "Plaintiffs") obtained an injunction based on a default judgment against Defendants David R. Sanchez, Mercantile Resource Group, Inc., and Choctaw Indian Asset Recovery Trust dba Choctaw Management Group. *See* Judgment, ECF 64. Sanchez now moves to vacate the default judgment and to set aside the underlying entry of default entered against him. *See* Mot. ("Sanchez Mot."), ECF 65. Plaintiffs oppose this motion. *See* Opp'n, ECF 69. After reviewing the papers submitted by the parties, the Court GRANTS Defendant's motion.

## I.    BACKGROUND

Plaintiffs filed this case on March 30, 2020, alleging that Lombardo and Sanchez formed Mercantile Resource Group to share ownership and responsibilities for 82 mortgage bonds of Mississippi Central Railroad. Compl. ¶ 5, ECF 1. Lombardo and Sanchez allegedly entered into a written contract to create a 50/50 ownership of the bonds. Compl. ¶¶ 3, 5; Ex. 1., Contract, ECF 1-1. Choctaw Management Group, of which Sanchez is a trustee, currently holds the 82 bonds. Compl. ¶ 29. Lombardo did not seek a monetary judgment, but rather requested restitution and return of the bonds. Compl. ¶ 21.

United States District Court
Northern District of California

The original complaint was filed against Defendants Mercantile Resource Group and Choctaw Management Group. *See* Compl. Plaintiffs filed a motion for default judgment against those defendants in May and June 2020, and Judge Nathanael M. Cousins, then presiding over the case, ordered Plaintiffs to show cause: (1) why it had subject matter jurisdiction over this case, and (2) whether Defendants were properly served and on notice of the action. *See* Order to Show Cause, ECF 25. Plaintiffs responded on June 28 and 29, 2020. *See* Resp., ECF 27, and Resp., ECF 28. Judge Cousins subsequently ordered Plaintiffs to either join necessary party David R. Sanchez to the case or to show cause why the case should not be dismissed for failure to join a required party under Federal Rule of Civil Procedure 19. *See* Order to Show Cause, ECF 29. Plaintiffs filed an amended complaint adding David R. Sanchez as a defendant on July 15, 2020. *See* Am. Compl., ECF 37. According to Plaintiffs, Mr. Clifford Wilkins, the agent for service of process for the Defendants, was personally served on July 15, 2020. *See* Decl. of Steven Lombardo ("Lombardo Decl.") ¶ 16, ECF 43-1. Lombardo further states that Mr. Wilkins received the summons, complaint, and request for default and motion for default judgment and forwarded the documents to all Defendants. *Id.*

The Court denied Lombardo's initial motions for default judgment. *See* Order, ECF 31, 32, and 33. Plaintiffs filed a renewed motion for default judgment on August 11, 2020, reflecting the amended complaint including Sanchez as a defendant. *See* Mot. for Default J., ECF 43. On August 12, 2020, the clerk of the court entered default. *See* Clerk's Notice, ECF 44. On September 2, 2020, the Court held a virtual hearing on the renewed motion, which included sworn testimony from Mr. Wilkins. *See* Min. Entry, ECF 46. Mr. Wilkins testified that he signed an agreement with Sanchez in May 2013 and has sent correspondence to 2575 Pope Manor Way, Marietta, Georgia 30062, since that time. *See* R&R 4, ECF 47; *see also* Decl. of Clifford Wilkins ("Wilkins Decl.") 2, ECF 41. He mailed the summons and complaint to that same address. *See* Decl. of Clifford Wilkins in Opp'n ("Wilkins Decl. in Opp'n"), ECF 69-2 ¶ 17. He also called Sanchez on the phone on August 24, 2020, to confirm receipt of the documents. *See* R&R 4. Mr. Wilkins recognized Sanchez on the phone by his voice, which he was familiar with from the many phone calls between the two since 1996. *Id.* Mr. Wilkins stated that he mailed the notices for all three

defendants in the same envelope. *Id.* Judge Cousins issued a report and recommendation stating that the district court should grant the motion for default judgment in favor of Plaintiffs and against Defendants and order the injunctive relief sought. *See id.* This case was reassigned to this Court, and this Court adopted Judge Cousins's Report and Recommendation and ordered an injunction and a default judgment against Defendants. *See* Judgment.

Less than three months later, on January 4, 2021, Sanchez filed a motion to vacate the default judgment. *See* Sanchez Mot. Sanchez claims that he only heard about this action on or around December 7, 2020. Decl. of David R. Sanchez ("Sanchez Decl.") ¶ 2, ECF 65. He was contacted by the legal department of the Iron Mountain secure depository, where the bonds that are the subject matter of this action were stored, and he was informed that their office received a judgment from a lawsuit. *Id.* He alleges that prior to receiving information pertaining to the judgment, he had not received a summons and complaint by personal service or by mail at any address where he receives mail. Sanchez Decl. ¶¶ 2, 6. Sanchez also alleges that he never received a telephone call from Mr. Wilkins on August 24, 2020, or at any other time between the filing of this action and the entries of default and default judgment, and never verbally acknowledged that he received the summons and complaint, or any other document related to this action. Sanchez Decl. ¶ 7. Sanchez further alleges that Plaintiffs fabricated the Contract between Lombardo and himself that was filed with the complaint, *see* Contract, and the "Ankins Limited Client Engagement and Agency Agreement," ("Agency Agreement"). *See* Acknowledgement of Serv. 3, ECF 41.

In Sanchez's proposed answer, he denies all of the allegations of Plaintiffs complaint and asserts (1) that Sanchez has meritorious defenses to the claims against him, (2) that Plaintiffs waived any claims against Sanchez by approving all of the conduct for which the complaint seeks to redress, (3) that there is no enforceable contract between him and either Plaintiff, (4) that Plaintiffs' ownership interest in the bonds which are the subject matter of this action has been neither diminished nor denied through Sanchez's conduct, and (5) that he breached no fiduciary duty to Plaintiffs. *See* Sanchez Mot. at 4*;* Ex. A., Proposed Answer, ECF 65 at 11-14.

3

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 55(c) provides that a court 'may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).'" *Bd. of Trustees of the Bay Area Roofers Health & Welfare Tr. Fund v. Westech Roofing*, No. 12-CV-05655-JCS, 2014 WL 46633, at *1 (N.D. Cal. Jan. 6, 2014). Rule 60(b) lists the grounds on which a default judgment may be vacated and includes "mistake, inadvertence, surprise or excusable neglect." The Ninth Circuit has held that the test that governs lifting entry of default for good cause under Rule 55(c) also governs the vacating of a default judgment under Rule 60(b)(1) for excusable neglect or mistake. *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696-97 (9th Cir.2001). In particular, courts must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 925–926 (9th Cir. 2004)). The test is disjunctive—that is, a finding that any one of the three factors is met is sufficient reason for the district court to refuse to set aside the default. *Id.*

## III. DISCUSSION

Sanchez moves to vacate the default judgment against him on the grounds that: (1) contrary to Plaintiffs' claims, he was never served personally or at any address where he receives mail; and (2) Plaintiffs committed forgery and perjury. *See* Sanchez Mot., Reply ¶¶ 2, 6, ECF 70. Plaintiffs respond that all credible evidence demonstrates that (1) Mr. Wilkins properly served Sanchez with the summons, second amended complaint, and request for default and motion for default judgment; and (2) based on past dealings, Mr. Wilkins has acted as agent of process for the defendants. Opp'n ¶¶ 20-23.

### A. Defendant's Motion is Timely

As a preliminary matter, Plaintiffs argue that Sanchez's motion to vacate is untimely because he was served 19 times and failed to answer. Opp'n ¶ 40. However, under Rule 60(c),

4

"[m]istake/inexcusable neglect, new evidence, or fraud must be pleaded by the defendant 'no more than *one year* after the entry of the judgment or order or the date of the proceeding.'" *United States v. Iscandari*, No. C11-0797 JSC, 2012 WL 2568187, at *1 (N.D. Cal. July 2, 2012) (emphasis added); *see also* Fed. R. Civ. P. 60(c).

Here, Sanchez timely filed his motion to vacate the default judgment. Default judgment was entered against Defendants on October 26, 2020. *See* Judgment. Less than three months later, Sanchez filed his motion to vacate the default judgment based on "mistake, inadvertence, surprise, or excusable neglect," stating that he never received a copy of the Summons and Complaint or notice of any of the proceedings against him or the other defendants. Sanchez Decl. ¶¶ 6-7. It is clear that Sanchez's motion was filed within the one-year requirement for relief from a judgment based on mistake, inadvertence, surprise or excusable neglect. Thus, Sanchez's motion is timely.

**B. Good Cause Exists for Vacating the Judgment**

"The same 'good cause' standard 'governs vacating an entry of default under Rule 55(c) ... [and] vacating a default judgment under Rule 60(b).'" *Iscandari*, 2012 WL 2568187, at *2 (quoting *Franchise Holding II*, 375 F.3d at 925). Two policy considerations inform the application of Rule 60(b): 1) the rule "is remedial in nature and therefore must be liberally applied," and 2) "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 2001). The Ninth Circuit emphasized that "the 'rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation.'" *RingCentral, Inc. v. Quimby*, 781 F. Supp. 2d 1007, 1011 (N.D. Cal. 2011) (quoting *Signed Personal Check*, 615 F.3d at 1089); *see also TCI Group,* 244 F.3d at 695-98.

Based on these principles, three factors guide whether a default judgment should be vacated: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening default judgment would prejudice the plaintiff. *TCI Group,* 244 F.3d at 696. Sanchez must show that "any of these factors favor[s] setting aside the default," and the default may stand if any of the three factors weighs against

5

Defendant. *Franchise Holding II*, 375 F.3d at 926; *see also Brandt v. American Bankers Ins. Co. of Florida,* 653 F.3d 1108, 1112 (9th Cir. 2011) (stating that a court "may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability but need not").

### 1. Culpable Conduct

"The Ninth Circuit has defined 'culpable' conduct for Rule 60(b) purposes as conduct for which "there is no explanation of the default inconsistent with a devious, willful, or bad faith failure to respond." *Homefront, Inc. v. Cashmere Crafts, Inc.*, No. C 05-0597 PJH, 2005 WL 3369988, at *6 (N.D. Cal. Dec. 12, 2005) (quoting *TCI Group*, 224 F.3d at 698). A defendant's actions are "culpable" if he "has received actual or constructive notice of the filing of [an] action and intentionally failed to answer." *TCI Group*, 224 F.3d at 697 (citations and quotations omitted); *see also Franchise Holding II,* 375 F.3d at 926. A "neglectful failure to answer" as to which the defendant offers such a "credible, good faith explanation" is not "intentional" and is therefore not *necessarily* culpable or inexcusable. *TCI Group,* 244 F.3d at 697-98.

Here, Sanchez contends that his conduct was not culpable because he was never personally served and only learned about this action on or around December 7, 2020, from the legal department of Iron Mountain secure depository. Sanchez Decl. ¶ 2. Plaintiffs respond that Sanchez's default was willful because he did not answer after being served 19 times. Opp'n ¶ 40. Indeed, Judge Cousins did order Plaintiffs to show cause why service of process was sufficient and heard testimony from Mr. Wilkins, who testified that he had served Sanchez and obtained acknowledgement through a phone call. R&R 3-4. However, it is clear there is a mistake, surprise, or excusable neglect concerning whether service of process was proper. Plaintiffs declare that Mr. Wilkins "served [the documents] by mail to the last known address: 2575 Pope Manor Way, Marietta Ga. 30062…" and "verified their receipt in a phone call with…Sanchez…" Opp'n ¶¶ 24, 34. In Defendant's reply, he includes a different service of process address: 3605 Sandy Plains Road, #240-402, Marietta, GA. Reply ¶ 8, ECF 70. He also states that Mr. Wilkins was not his lawful agent and could not accept service on his behalf. *Id.* ¶¶ 3, 5. Plaintiffs do not assert that Sanchez failed to answer this action in bad faith or to interfere with or manipulate the outcome.

6

While Sanchez failed to answer, he has articulated a credible, good faith explanation. Thus, the Court does not find culpable conduct by Sanchez for failing to answer.

### 2. Meritorious Defense

"In order to justify an order setting aside a default, a defendant must 'present the district court with specific facts that would constitute a defense.'" *Homefront,* 2005 WL 3369988, at *7 (quoting *Franchise Holding II,* 375 F.3d at 926 (internal citations omitted)). Although this burden cannot be met by offering conclusory statements or general denials without supporting facts, *Franchise Holding II,* 375 F.3d at 926, it is not an extraordinarily high burden. *TCI Group,* 244 F.3d at 700. Rather, the defendant need only allege sufficient facts or law to show that a legitimate defense exists. *Id.* In this context, courts leave questions regarding the truth of any such factual allegations for a later stage in the litigation. *Id.* (citing *Falk,* 739 F.2d at 463). Nevertheless, the Ninth Circuit has emphasized that "a mere general denial" without facts to support it is not enough to justify vacating a default judgment. *Franchise Holding II,* 375 F.3d at 926 (citation and quotation omitted).

Here, Sanchez presents a meritorious defense because he alleges supporting facts in addition to denying all of the allegations and listing 14 affirmative defenses in his proposed answer. *See* Proposed Answer. Sanchez specifically states in his declaration that the Contract between Lombardo and him and the Agency Agreement were fabricated, and his signature was "electronically lifted from another document to make it appear that [he] signed…" Sanchez Decl. ¶ 4. Plaintiffs respond that Sanchez failed to offer evidence or facts of forgery. *See* Opp'n ¶ 43. The Court notes that allegations of forged documents and witnesses lying under oath are unusual and difficult to prove. However, whether a contract exists between Sanchez and Lombardo constitutes a meritorious defense because this issue creates a possibility that "the outcome of the suit after a full trial would differ from the result reached by the default." *See E. Digital Corp. v. Ivideon LLC*, No. 15-CV-00691-JST, 2016 WL 4728550, at *2 (N.D. Cal. Sept. 12, 2016) (citing *Hutchings v. Snell & Co., LLC*, No. 09-cv-4680-JCS, 2010 WL 1980165, at *4 (N.D. Cal. Apr. 23, 2010)). Additionally, at this stage, the Court need not determine whether Sanchez's defenses would be successful. Thus, this factor weighs in favor of granting Sanchez's motion.

### 3. Prejudice

Finally, Plaintiffs argue that they would be prejudiced by vacating the default, because "[t]he bonds are bearer bonds and if [Sanchez] fails to protect them they can be lost or destroyed without an effective remedy to recover their value." Opp'n at 10. "The type of prejudice that is contemplated by this three-part standard is the prejudice to the plaintiff that will result if a default judgment is vacated." *Homefront*, 2005 WL 3369988, at *8 (N.D. Cal. Dec. 12, 2005) (citing *TCI Group,* 244 F.3d at 701). Prejudice exists if a party's ability to pursue its claims is hindered. *See Falk,* 739 F.2d at 463. However, to be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. *TCI Group,* 244 F.3d at 701. Only if a delay results in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion" is the delay considered prejudicial. *Id.* (citation and quotation omitted). No prejudice exists simply because a party is compelled to litigate its claims on the merits. *Id.*

Here, the Court finds that Plaintiffs will not be prejudiced by vacating the default and providing an opportunity for both parties to prove their claims on the merits. Plaintiffs argue that the bonds in Sanchez's possession may lose value if not properly cared for. However, the Court notes that Sanchez owned the 82 bonds in February 1997, the parties entered into a written contract creating a 50/50 ownership to monetize and sell the bonds, the bonds were contributed to Mercantile Resource Group in August 2002, the parties entered into another contract replacing the earlier one in 2013, and Lombardo requested delivery of the bonds per the latter contract terms on January 1, 2020. Am. Compl. ¶¶ 2-6. As these bonds have been with the parties for almost 24 years, it is unlikely that the bonds will further lose value in these next few months as the parties litigate their claims on the merits. Additionally, because Plaintiffs have alleged no damages and only seeks injunctive relief requiring Sanchez to turn over the disputed bonds, should Plaintiffs prevail on the merits, they will be in no different position than they are today with the injunction based on a default judgment. Thus, this factor weighs in favor of vacating the default judgment.

### IV.   ORDER

For the foregoing reasons, the Court GRANTS Sanchez's motion to vacate the default judgment and extends time to file his answer. **Defendant must file his proposed answer as a separate entry on the docket within one week of the date of this Order.** The Clerk shall reopen the case.

**IT IS SO ORDERED.**

Dated: March 3, 2021

_____
BETH LABSON FREEMAN
United States District Judge