# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| STEVEN L. LOMBARDO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MERCANTILE RESOURCE GROUP, INC, et al.,<br><br>    Defendants. | Case No. 20-cv-02153-BLF<br><br>**ORDER DENYING MOTION TO ENFORCE JUDGMENT; AND STAYING ENFORCEMENT OF JUDGMENT UNDER RULE 62(H)** |

Before the Court is Plaintiffs' motion to enforce the judgment previously entered by this Court. *See* Mot., ECF 71. Pursuant to Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for determination without oral argument, and the July 1, 2021 hearing is VACATED. The motion is DENIED.

When the Court entered its judgment on October 26, 2020, (ECF 64) default judgment had been entered against all three Defendants. *See* Order, ECF 56. However, the day after Plaintiffs filed this motion, the Court granted Defendant David Sanchez's motion to vacate the default judgment entered against him, finding that he had demonstrated good cause under Rule 60(b). *See* Order Granting Mot. to Vacate, ECF 73. Plaintiffs only sought injunctive relief, and the judgment requires all three Defendants to deliver certain personal property to Plaintiffs, including 82 income and mortgage bonds. *See* Judgment 2, ECF 64. However, Plaintiffs concede that Defendant Sanchez is co-owner of the bonds. *See* Mot. 2. Since Defendant Sanchez is no longer subject to the judgment entered by this Court, the Court could not order enforcement of the judgment without prejudice to Defendant Sanchez.

"Federal Rule of Civil Procedure 62(h) provides that when a court has entered final judgment, it may upon its discretion, 'stay enforcement of that judgment until the entering of a

subsequent judgment or judgments.'" *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 955 (9th Cir. 2006) (quoting Fed. R. Civ. P. 62(h)). "In fashioning a stay of enforcement, a court looks to general equitable principles." *AmerisourceBergen Corp.*, 465 F.3d at 956 (quoting *Pereira v. Cogan*, 275 B.R. 472, 475 (S.D.N.Y. 2002). The Court finds that it would be prejudicial to Defendant Sanchez to enforce the judgment and deprive him of his property without first allowing him to litigate the merits of this case. Similarly, the Court does not find that Plaintiffs will be prejudiced by litigating the merits of this case. Using its discretion, the Court DENIES Plaintiffs' motion and will STAY enforcement of the judgment entered on October 26, 2020, until this case is fully resolved.[1]

**IT IS SO ORDERED.**

Dated: April 1, 2021

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Court notes that Defendant Sanchez incorrectly believes that Defendants Mercantile Resource Group, Inc., and Choctaw Indian Asset Recovery Trust, of which he is a trustee, are not subject to the judgment entered by this Court. *See* Opp'n ¶ 3, ECF 78. The Court's judgment clearly indicates that it is against "Mercantile Resource Group, Inc., and Choctaw Indian Asset Recovery Trust dba Choctaw Management Group." Judgment 1. Defendant Sanchez is encouraged to correct this misconception if his fellow Defendants share it.