1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 STEVEN L. LOMBARDO, et al.,                    Case No.  20-cv-02153-BLF

8                      Plaintiffs,

9        v.                                      **ORDER DENYING PLAINTIFFS'**
                                                 **APPLICATION FOR A WRIT OF**
10 MERCANTILE RESOURCE GROUP,                    **REPLEVIN/POSSESSION**
   INC, et al.,
11                                               [Re:  ECF No. 77]
                     Defendants.
12

13

14         Before the Court is Plaintiffs Steven Lombardo and Life Force Trust's ("Plaintiffs")

15 Application for a Writ of Replevin/Possession.  ECF No. 77 ("Application" or "App.").  Plaintiffs

16 ask the Court to deliver disputed railroad bonds into the possession of Plaintiff Steven Lombardo.

17 *Id.*  Defendant David Sanchez—the only defendant to have appeared in this action—opposes the

18 Application.  ECF No. 78 ("Opp.").  The Court held hearings on the Application on August 19 and

19 26, 2021.  For the reasons stated below, the Application is DENIED.

20         Federal Rule of Civil Procedure 64(a) provides that "every remedy is available that, under

21 the law of the state where the court is located, provides for seizing a person or property to secure

22 satisfaction of the potential judgment."  Among those remedies is a writ of replevin, which under

23 California law is called a writ of possession.  Fed. R. Civ. P. 64(a); Cal. Civ. Proc. Code

24 § 512.010.  The writ of possession is, "by its nature, temporary: title and right to possession are

25 determined by final judgment."  *Wells Fargo Com. Distrib. Fin., LLC v. 6th Gear Holdings*, No.

26 19-cv-4617-JSC, 2019 U.S. Dist. LEXIS 210969, at *11 (N.D. Cal. Dec. 6, 2019) (quoting *Precise*

27 *Aero Mfg. v. MAG Aero Indus., LLC*, No. 2:17-cv-01239-RGK-AJW, 2018 WL 3390154, at *3

28 (C.D. Cal. Jan. 10, 2018)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Under California law, an application for a writ of possession must include:  (1) a showing

2    of the basis of plaintiff's claims and that plaintiff is entitled to possession; (2) a showing that

3    defendant is wrongfully detaining the property, the manner in which defendant came to possess

4    the property, and, to the best of knowledge of plaintiff, of the reason for the detention; (3) a

5    particular description of the property and its value; (4) a statement, to the best knowledge of

6    plaintiff, of the location of the property and, if the property is a private place needing to be entered

7    to obtain possession, a showing that there is probable cause to believe the property is there; and

8    (5) a statement that the property has not been taken for a tax, assessment, or fine.  Cal. Civ. Proc.

9    Code § 512.010(b).  A writ of possession shall issue after a hearing only if plaintiff has

10   "established the probable validity of the plaintiff's claim to possession of the property" and an

11   undertaking is posted or waived.  *Id.* § 512.060.  A claim has "probable validity" where "it is more

12   likely than not that the plaintiff will obtain a judgment against defendant on that claim."  *Id.*

13   § 511.090.

14   The Court finds the first factor dispositive.  Plaintiff Lombardo has not established the

15   probable validity of his entitlement to possession of the bonds.  From the record before the Court,

16   it appears that Plaintiff Lombardo and Defendant Sanchez each has a 50% ownership of Defendant

17   Mercantile Resource Group (each through their respective trusts), and that Mercantile owns the

18   bonds.  *See* ECF No. 1-1.  Although there is evidence that *custody* of the bonds has changed—that

19   is, the location where Mercantile is storing the bonds—there is insufficient evidence in the record

20   that the *ownership* of the bonds has been transferred from Mercantile to any other entity or

21   individual, and there is no evidence that Plaintiff Lombardo himself has any ownership of the

22   bonds.  Without adequate evidence, Plaintiff Lombardo has not established that it is "more likely

23   than not" that he is entitled to possession of the bonds.  Cal. Civ. Proc. Code § 511.090.  This is

24   fatal to the Application.  *See 6th Gear*, 2019 U.S. Dist. LEXIS 210969, at *19.

25   Accordingly, Plaintiff's Application for a Writ of Replevin/Possession is DENIED.

26   Dated:  August 26, 2021

27

28

BETH LABSON FREEMAN
United States District Judge

2