UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEVEN L. LOMBARDO, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MERCANTILE RESOURCE GROUP, INC, et al.,<br><br>　　　　　　Defendants. | Case No.  20-cv-02153-BLF<br><br>**ORDER DENYING SECOND APPLICATION FOR WRIT OF REPLEVIN** |

Before the Court is Plaintiff Steven Lombardo's Application for a Writ of Replevin/Possession.  ECF No. 116 ("App."); *see also* ECF No. 123 ("Reply").  Plaintiff asks the Court to deliver disputed railroad bonds into the possession of Plaintiff Steven Lombardo.  *Id.* Defendant David Sanchez opposes the Application.  ECF No. 121 ("Opp.").  The Court held a hearing on the Application on December 15, 2022.  *See* ECF No. 126.  For the reasons stated below, the Application is DENIED.

Federal Rule of Civil Procedure 64(a) provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  Among those remedies is a writ of replevin, which under California law is called a writ of possession.  Fed. R. Civ. P. 64(a); Cal. Civ. Proc. Code § 512.010.  The writ of possession is, "by its nature, temporary: title and right to possession are determined by final judgment."  *Wells Fargo Com. Distrib. Fin., LLC v. 6th Gear Holdings*, No. 19-cv-4617-JSC, 2019 U.S. Dist. LEXIS 210969, at *11 (N.D. Cal. Dec. 6, 2019) (quoting *Precise Aero Mfg. v. MAG Aero Indus., LLC*, No. 2:17-cv-01239-RGK-AJW, 2018 WL 3390154, at *3 (C.D. Cal. Jan. 10, 2018)).

Under California law, an application for a writ of possession must include:  (1) a showing

of the basis of plaintiff's claims and that plaintiff is entitled to possession; (2) a showing that defendant is wrongfully detaining the property, the manner in which defendant came to possess the property, and, to the best of knowledge of plaintiff, of the reason for the detention; (3) a particular description of the property and its value; (4) a statement, to the best knowledge of plaintiff, of the location of the property and, if the property is a private place needing to be entered to obtain possession, a showing that there is probable cause to believe the property is there; and (5) a statement that the property has not been taken for a tax, assessment, or fine. Cal. Civ. Proc. Code § 512.010(b). A writ of possession shall issue after a hearing only if plaintiff has "established the probable validity of the plaintiff's claim to possession of the property" and an undertaking is posted or waived. *Id.* § 512.060. A claim has "probable validity" where "it is more likely than not that the plaintiff will obtain a judgment against defendant on that claim." *Id.* § 511.090.

The Court finds the fourth factor dispositive. Plaintiff Lombardo states in his Application that "there is probabe cause to believe the property is located in defendant Sanchez's home and place of business." App. ¶ 41. But he has not submitted an affidavit or any other form of evidence to make a showing that there is probable cause to believe the property is at the identified address. This is fatal to the Application. Accordingly, Plaintiff's Second Application for a Writ of Replevin/Possession is DENIED.

Dated: December 15, 2022

_____
BETH LABSON FREEMAN
United States District Judge

2